**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MANUEL ANGEL RODRIGUEZ MARTINEZ,** | § | |
| | § | |
| **Plaintiff and Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-2424-KC** |
| | § | |
| **ATTORNEY GENERAL TODD BLANCHE, et al.,** | § | |
| | § | |
| **Defendants and Respondents.** | § | |

**ORDER**

On this day, the Court considered Manuel Angel Rodriguez Martinez's Complaint for Declaratory and Injunctive Relief and a Petition for a Writ of Habeas Corpus in the Alternative ("Complaint"), ECF No. 1, and Emergency Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Regarding a Preliminary Injunction ("TRO"), ECF No. 4.

Rodriguez Martinez is currently detained in immigration custody in El Paso, Texas. TRO 5–6. He requests that the Court enter a temporary restraining order preventing his removal from the United States and set an expedited hearing on further relief pending resolution of a pending emergency motion before the Board of Immigration Appeals ("BIA"). Compl. ¶¶ 1–5; TRO 5. In the alternative, Rodriguez Martinez requests that his claim be treated as a petition for a writ of habeas corpus, and that he be afforded appropriate relief thereunder. Compl. ¶ 5, *id.* at 11–12.

On January 21, 2020, an immigration judge ("IJ") ordered Plaintiff and his mother, Patricia Elizabeth Martines Rosales, removed from the country. Compl. ¶ 16. On January 4, 2022, Plaintiff filed with the Board of Immigration ("BIA") an appeal of the removal order and a request to sever his proceedings from his mother's immigration proceedings. *Id.* On May 6,

2022, the USCIS approved Plaintiff's Form I-360 application, which granted him four years of deferred action until May 2026, unless terminated earlier. *Id.* ¶¶ 17–18. The grant of deferral under Form I-360 ended in May 2026. *Id.* And on February 19, 2026, the BIA dismissed the appeal and denied the request for severance and remand. *Id.* ¶ 19.

On March 4, 2026, Plaintiff filed a petition for review of the BIA's February 19, 2026, Ruling at the Ninth Circuit. *See* Pet, *Martinez Rosales v. Blanche*, No. 26-1288 (9th Cir. Mar. 5, 2026), ECF No. 1; *see also* Compl. ¶ 21. Subsequently, Petitioner filed a motion with the Ninth Circuit to stay his removal from the country. Mot. Stay, *Martinez Rosales*, No. 26-1288 (9th Cir. Mar. 17, 2026), ECF No. 7. On July 17, 2026, the Ninth Circuit denied the motion to stay. Compl. ¶ 21.

On August 18, 2026, Plaintiff and his mother were taken into immigration custody in Los Angeles, California. TRO 5. On or about September 21, 2026, Plaintiff was transferred to an immigration detention facility in El Paso, Texas. *Id*. at 5–6.

On August 21, 2026, Plaintiff filed a renewed emergency motion for a stay of his removal, in which he "raised his approved SIJ petition and asserted visa availability." TRO 5. On September 2, 2026, the Ninth Circuit denied the renewed motion. *Id.*; *see also* Compl. Ex. D, July 17, 2026, Order 2, *Martinez Rosales*, No. 26 -1288 (9th Cir. Mar. 5, 2026), ECF No. 1-5; *see also id.* Ex. E, Aug. 21, 2026, Emergency Mot. Stay 2–6, *Martinez Rosales*, No. 26 -1288 (9th Cir. Mar. 5, 2026), ECF No. 1-6.

On September 9, 2026, Plaintiff's counsel filed with the BIA an "emergency motion to sever and remand," requesting that the BIA "reconsider its earlier assessment in light of the approved I-360 and then-current visa availability." TRO 5. Plaintiff represents that as of the date of the filing of this Complaint, the emergency motion remains pending before the BIA. *Id.*

Plaintiff now contends that the circumstantial basis of the BIA's February 19, 2026, ruling has changed, but that the BIA has not yet ruled on the subsequent emergency motions to sever and remand. *Id.* And, Plaintiff contends that despite the pending emergency motion at the BIA, "counsel now understands and believes that ICE anticipates removing Plaintiff in the early morning of Monday, September 28, 2026", though "Plaintiff does not claim personal knowledge of a flight number or written itinerary." *Id.* at 6.

Rodriguez Martinez has filed two motions to stay his removal, which the Ninth Circuit has denied. It appears, therefore, that the request for relief presented before this Court has been squarely presented to the Ninth Circuit. *See generally* TRO; Compl.; Ex. D July 17, 2026, Order 25; *id.* Ex. E Aug. 21, 2026, Emergency Motion for Stay 2–6.

As a general rule, "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *United States of Am. v. Croft*, No. SA-18-CR-00603-DAE, 2023 WL 6233846, at *2 (W.D. Tex. Sept. 25, 2023) (quoting *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982) (per curiam)). Moreover, there is a "preference that either [the Fifth Circuit] or the district court have exclusive jurisdiction over a given case at any given time." *Id.* And, "For obvious reasons, it makes little sense for two different courts to have the power to act on the same judgment at the same time, with the attendant risk that they will reach inconsistent conclusions and thus result in confusion and in a waste of judicial resources." *Id.* (quoting *Winchester v. U.S. Attorney for the S. Dist. of Tex*., 68 F.3d 947, 949 (5th Cir. 1995) (quotation modified) (citation omitted).

To be certain, the posture of this case is unusual, as Plaintiff's claims were not previously before this Court. However, the general principle that a district court and a court of appeals should not assert jurisdiction over a case simultaneously instructs the Court to abstain from

exercising jurisdiction in this matter. While Plaintiff's request for relief is narrow—a stay of removal—such relief is intimately bound with the issues presented before the Ninth Circuit, and indeed, have been ruled on in that forum. *See generally* TRO; Compl. Ex. D July 17, 2026, Order 2; *id.* Ex. E Aug. 21, 2026, Emergency Motion for Stay 2–6. It appears, therefore, that the appropriate forum for the instant motion for a stay of removal would be with the Ninth Circuit, and Plaintiff has not presented any argument to the contrary. Accordingly, without addressing whether this Court would properly have jurisdiction over this matter in the absence of the Ninth Circuit proceedings, the Court abstains from considering jurisdiction given the pending proceedings before the Ninth Circuit.

Rodriguez Martinez requests, in the alternative, that the Court construe the Complaint as a petition for a writ of habeas corpus. *See* Compl. ¶¶ 39–42. He argues that the revocation of his prior release is governed under 8 C.F.R. § 241.4(l), the applicability of which "must be established from the release order and current custody authority." *Id.* ¶ 40. While the contours of Rodriguez Martinez's habeas claim are unclear, to the extent that he argues that his present custody may be unlawful, the Supreme Court has ruled that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984) (citations omitted). Thus, "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *Id.* at 1040 (citation omitted). "And[ ]where detention is pursuant to that deportation proceeding, habeas relief is unavailable to remedy the illegal arrest." *Navdeep v. Warden Ero El Paso Camp E. Montana Det. Ctr.*, No. 3-26-cv-829-KC, 2026 WL 1179624, at *2 (W.D. Tex. Apr. 23, 2026) (collecting cases).

Accordingly, there appears to be no grounds for relief under Plaintiff's alternative application for a writ of habeas corpus. There is currently no stay of removal in place, as the deferral of action ended in May 2026. Compl. ¶ 18. Respondents are thus entitled to effect Rodriguez Martinez's removal pursuant to the final removal order, absent entry of a stay of his removal in a different forum.

Accordingly, the Court **ORDERS** that the Complaint, ECF No. 1, is **DISMISSED** without prejudice to refiling if any new claims accrue.

**IT IS FURTHER ODERED** that the Motion for a Temporary Restraining Order, ECF No. 4, is **DENIED**.

The Clerk shall close the case.

**SO ORDERED**.

SIGNED this 25th day of September, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE